UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL TELLEZ-VASQUEZ,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden,<br><br>　　　　　　　Respondent. | Case No. 1:10-cv-0406-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Currently pending before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Dkt. 36.) The parties have consented to a United States Magistrate Judge conducting all proceedings, in accordance with 28 U.S.C. § 636(c). (Dkt. 25.) The Court finds that the parties have adequately stated the facts and legal arguments in their briefs and that the decisional process would not be significantly aided by oral argument. In the interest of avoiding delay, the Court will decide this matter on the written motion, briefs, and record without oral argument. D. Idaho L. Civ. R. 7.1.

　　　　For the reasons set forth below, the Court will grant Respondent's Motion, conditionally, but with leave for Petitioner to file supplemental briefing on whether he can show cause and prejudice to excuse the procedural default of his claim of ineffective assistance of counsel on direct appeal.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

In 2004, after a jury trial in state court, Petitioner was convicted of two counts of trafficking a controlled substance (methamphetamine), one count of delivery of a controlled substance (methamphetamine), and three counts of failure to obtain a tax stamp. (State's Lodging A-1, pp. 103-07.) Petitioner's sentences for all six counts were ordered to be served concurrently, resulting in a term of five to twenty-five years in prison. (State's Lodging A-1, pp. 117-26.) On direct appeal, Petitioner's appellate counsel raised a single claim challenging Petitioner's sentences, and the Idaho Court of Appeals affirmed. (State's Lodging B-1.) The Idaho Supreme Court denied Petitioner's petition for review. (State's Lodging B-7.)

Petitioner next filed an application for post-conviction relief in state district court, raising a number of claims, including claims of ineffective assistance of trial counsel. (State's Lodging C-1, pp. 29.) The district court dismissed the application, but Petitioner apparently did not receive notice of the court's order for several months, and his appeal later was dismissed as untimely. (State's Lodging E-1, pp. 18-19.) An agreement was reached by the parties that resulted in the state district court re-filing the order dismissing the application so that Petitioner could submit a timely notice of appeal from the order. (State's Lodging E-1, p. 12-15.) On appeal, the Idaho Court of Appeals affirmed the lower court's decision, and Petitioner's petition for review was denied by the Idaho Supreme Court. (State's Lodgings F-8, F-9.)

Before the post-conviction appeal had concluded, Petitioner submitted a federal

**MEMORANDUM DECISION AND ORDER - 2**

habeas petition, alleging that he was deprived of his Fourteenth Amendment right to the effective assistance of counsel during the direct appeal (Claim 1) and that he is innocent (Claim 2).[1] (Dkt. 3, pp. 8-17.) The Court conducted an initial review of the Petition and ordered the Petition to be served on the Respondent. (Dkt. 7.) Petitioner thereafter supplemented his Petition to add two new claims: excessive sentence (Claim 3) and the erroneous denial of his motion to reduce his sentence under Idaho Criminal Rule 35 (Claim 4). (Dkt. 19.)

Respondent initially requested that the Petition be dismissed without prejudice, because Petitioner had not yet presented any habeas claims to the Idaho Supreme Court and the then pending post-conviction action could result in the relief that Petitioner seeks. (Dkt. 12.) Before the Court ruled on that request, the Idaho Supreme Court issued its remittitur ending the post-conviction appeal, and this Court later dismissed Respondent's Motion as moot. (Dkt. 30, p.1.)

Pursuant to the Court's scheduling order, Respondent has since filed the pending Motion for Summary Dismissal, in which he contends that none of Petitioner's habeas claims have been fairly presented to the Idaho Supreme Court. (Dkt. 36-1, p. 5.) Because the time to present those claims has passed, according to Respondent, they must be dismissed as procedurally defaulted. (*Id.*)

Petitioner has submitted a Response (Dkt. 43), and the Court is now prepared to issue its ruling.

---

[1] For ease of reference, the Court has numbered Petitioner's claims.

**MEMORANDUM DECISION AND ORDER - 3**

## STANDARD OF LAW

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." When a court is considering a motion to dismiss, it may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1281 (9th Cir. 1986).[2] A court may look beyond the complaint to matters of public record, and doing so does not convert a motion for summary dismissal into a motion for summary judgment. *Id*. The Court shall take judicial notice of those portions of the state court record lodged by Respondent.

A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In a state that has the potential of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *O'Sullivan v. Boerckel*, 526 U.S. at 845.

---

[2] *abrogated on other grounds by Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166 (1991).

**MEMORANDUM DECISION AND ORDER - 4**

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be "procedurally defaulted." *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A habeas claim is also procedurally defaulted when the petitioner actually raised the claim in state court, but the state court denied or dismissed the claim after invoking a state law ground that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A federal court cannot reach the merits of a procedurally defaulted claim unless the petitioner can establish cause for his default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is probably innocent. *Coleman*, 501 U.S. at 750.

## DISCUSSION

Petitioner raises four claims in this habeas corpus action: (1) ineffective assistance of counsel on direct appeal for failing to assert certain issues in that proceeding, (2) actual innocence, (3) excessive sentence, and (4) trial court error in not granting relief on Petitioner's motion to reduce his sentences.

While Petitioner raised an excessive sentencing issue during the direct appeal (Claim 3), it was presented solely as a state law claim, and federal habeas relief is not available to correct errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991). This is equally true as to Claim 4, in which Petitioner asserts that the state trial court erred in denying his Idaho Criminal Rule 35 motion to reduce his sentences. Accordingly, those

**MEMORANDUM DECISION AND ORDER - 5**

two claims will be dismissed as not reviewable (non-cognizable) in a federal habeas action.

Similarly, a "claim" of actual innocence (Claim 2) is not an independent claim for habeas relief but is instead a preliminary procedural issue, which, if resolved in a petitioner's favor, permits a federal court only to hear other procedurally barred claims on their merits. *See Schlup v. Delo,* 513 U.S. 298 (1995); *cf. Carriger v. Stewart*, 132 F.3d 463, 476 (1997) (recognizing actual innocence as a basis for relief in death penalty cases, but the burden is "extraordinarily high" on the petitioner to prove his innocence). If this Court were to assume, however, that a claim of actual innocence could provide an independent basis for relief in a non-capital case, the claim still would be subject to the exhaustion requirement, and Petitioner has never presented such a claim to the Idaho Supreme Court. The time to do so has passed, *see* Idaho Code § 19-4902 et seq., and the claim is procedurally defaulted. It also lacks merit, for the reasons given later in this Memorandum Decision.

Although Petitioner raised claims of ineffective assistance of *trial* and *sentencing* counsel in the state court post-conviction action, he did not allege that his counsel was ineffective during the *direct appeal*, which is the claim that he has chosen to raise here (Claim 1). This is a separate claim that relies on different facts and legal theories, and it must be separately exhausted. Petitioner's failure to present a claim of ineffective assistance of appellate counsel to the Idaho Supreme Court means that the claim is now procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 6**

For these reasons, Petitioner has asserted no claim in this proceeding that is both cognizable and free of procedural default.

A habeas petitioner has an opportunity to excuse a procedural default if he can establish valid cause for the default and actual prejudice as a result of the constitutional error, or if he can show that a fundamental miscarriage of justice would occur if the claims are not heard because he is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show cause, the petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Id.* at 488.

Petitioner asserts that his inability to speak, write, or read English serves as the cause of his default. (Dkt. 47, pp. 6-8.) However, Petitioner was given an interpreter for all hearings at which he appeared in state court, and he was represented by counsel from the criminal trial to the post-conviction appellate proceedings in the Idaho Supreme Court. The Ninth Circuit has held that a prisoner's illiteracy and decreased mental capacity are not reasons to excuse a procedural default "as least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'" *See Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2011) (citing *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905 (9th Cir. 1986) and *Tacho v. Martinez*, 862 F.2d 1376 (9th Cir. 1988)). Applying that reasoning here, the Court finds that because Petitioner had adequate assistance in bringing his legal claims before the Idaho state courts, his lack of English proficiency cannot be a valid cause for his failure to raise his

**MEMORANDUM DECISION AND ORDER - 7**

current claims in accordance with state procedural rules.

Petitioner next argues that he is actually innocent of the drug trafficking charges. A compelling showing of actual innocence can satisfy the fundamental miscarriage of justice exception to procedural default, allowing a court to review otherwise defaulted claims on their merits. *Schlup v. Delo*, 513 U.S. 298, 315, 324 (1995). To establish such a claim, however, a petitioner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner bears the burden of demonstrating that, "in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S. 518, 539 (2006). The standard is demanding and permits review only in the "'extraordinary'" case. *Schlup*, 513 U.S. at 327 (citation omitted).

Petitioner has failed to offer any new reliable evidence; he instead points to what he perceives to be the weaknesses in the evidence that was offered at the criminal trial. (Dkt. 3, pp. 16-17.) A habeas proceeding is not a proper forum in which to re-litigate the entire case that already has been tried. Instead, "[w]hen confronted with a challenge based on trial evidence, courts presume the jury resolved evidentiary disputes reasonably so long as sufficient evidence supports the verdict." *House v. Bell*, 547 U.S. at 539. A persuasive claim of actual innocence must be based on new evidence that was not presented to the jury that is so compelling that the reviewing court must conclude that it is

**MEMORANDUM DECISION AND ORDER - 8**

now probable that no rational juror would vote to convict the defendant. *See id.* at 538-39. Petitioner does not have that type of evidence.

      Finally, Petitioner contends that the fault for not raising his current claims in state court at the correct time and in the correct manner lies with his appointed attorneys. (Dkt. 47.) The law has recently changed as to whether deficient representation by an attorney in a state post-conviction action can amount to a valid cause to excuse a procedural default. Last term, the United States Supreme Court held that a persuasive showing of ineffective assistance of post-conviction counsel that resulted in the default of ineffective assistance of trial counsel claims may provide a reason to ignore the procedural bar and reach the merits of those claims. *Martinez v. Ryan*, 132 S.Ct. 1309, 1315 (2012). In setting out the rule, however, the Court described two potential restrictions. First, the state post-conviction proceeding must represent the initial opportunity under state law for a defendant to raise claims of ineffective assistance of trial counsel (it must be an "initial-review collateral proceeding" as to those claims). *Id*. at 1317. Second, "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, *i.e*., it does not have any merit or it is wholly without factual support, or that the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id*. at 1319.

      The only defaulted claim to which the new rule might apply in this proceeding is the claim of ineffective assistance of counsel on direct appeal (Claim 1). *Martinez* was decided after the parties submitted their briefing. As a result, the Court will not enter

**MEMORANDUM DECISION AND ORDER - 9**

judgment dismissing the Petition until Petitioner has had an opportunity to submit additional briefing on the cause and prejudice issue in light of *Martinez*.[3]

## CONCLUSION

Based on the foregoing, Petitioner's excessive sentence and Rule 35 claims (Claims 3 and 4) will be dismissed as non-cognizable. Petitioner's actual innocence claim (Claim 3) will be dismissed as non-cognizable, procedurally defaulted, and lacking in merit.

The Court further concludes that Petitioner's claim of ineffective assistance of counsel on direct appeal (Claim 1) is procedurally defaulted without a present showing of cause and prejudice or a fundamental miscarriage of justice to excuse the default, but the Court will withhold its judgment dismissing this claim until the parties have had an opportunity to file supplemental briefing.

## ORDER

**IT IS ORDERED**:

1. Respondent's Motion for Summary Dismissal (Dkt. 36) is CONDITIONALLY GRANTED. Claims 2, 3, and 4 are DISMISSED.

2. No later than 45 days from the date of this Order, Petitioner shall file a "Motion to Proceed With Habeas Petition," together with a supporting brief, addressing whether the cause and prejudice issue noted above is applicable

---

[3] In their briefing, the parties may wish to discuss whether *Martinez* is limited to excusing the default of ineffective assistance of trial counsel claims or whether its reasoning also applies to defaulted claims of ineffective assistance of counsel on the direct appeal.

**MEMORANDUM DECISION AND ORDER - 10**

to excuse the default of Claim 1. No later than 30 days after receiving a motion, Respondent shall file a response. Petitioner's reply, if any, shall be filed within 14 days of receiving a response.



DATED: September 17, 2012

Honorable Candy W. Dale
United States Magistrate Judge