UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL TELLEZ-VASQUEZ,<br><br>             Petitioner,<br><br>v.<br><br>JOHANNA SMITH, Warden,<br><br>             Respondent. | Case No. 1:10-cv-0406-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

On September 17, 2012, the Court conditionally granted Respondent's Motion for Summary Dismissal. (Dkt. 36, 50.) The Court concluded that Petitioner's claim of ineffective assistance of counsel on direct appeal (Claim 1) was procedurally defaulted, and that Petitioner had not shown that the exceptions of cause and prejudice or a fundamental miscarriage of justice applied to excuse the default. (Dkt. 50.) Remaining in this action are the parties' arguments regarding whether *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), applies to excuse the procedural default of Petitioner's claim of ineffective assistance of appellate counsel. Several other motions are also pending. (Dkt. 51, 53, 58.)

Having reviewed the record in this matter, including the parties' supplemental briefing (Dkt. 52, 56), the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

## PRELIMINARY MOTIONS

Petitioner has again filed a Motion for Appointment of Counsel. (Dkt. 51.) Petitioner has set forth nothing in the Motion that the Court has not already considered in denying the past motions. (Dkt. 46.) Despite having a language issue, Petitioner has been able to use inmate translators and jailhouse lawyers to prepare his pleadings and papers, resulting in the submission of understandable typewritten or handwritten pleadings and papers in English in this case. For example, Petitioner's *Martinez* motion is typewritten and 32 pages in length. Petitioner has not alleged that *no* translation services were available to him; for example, if an inmate translator was unavailable *and* the prison refused to provide a translator in the absence of an inmate translator, Petitioner may have grounds to request that the Court require the prison to provide a translator as part of its access to courts system.[1]

Rather than there being an issue of a language barrier, the issue in Petitioner's case seems to be the fact that Petitioner, like most other inmates, has no legal training, which is not enough to warrant appointment of counsel. As noted in its earlier Orders, the law does not require that lawyers be appointed in habeas corpus cases except in extraordinary cases, or where an evidentiary hearing is required.

---

[1] *Cf. Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (For equitable tolling grounds, "we conclude that a non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source. We agree with *Cobas* that a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief.").

**MEMORANDUM DECISION AND ORDER - 2**

The *Martinez* issue in this case is not complex. Petitioner has been provided with the standard of law for *Martinez*, and can make his arguments based on the principles provided to him. Further, in the Court's own research, it has found nothing remotely supporting an argument that *Martinez* encompasses an ineffective assistance of direct appeal counsel claim. Therefore, appointment of counsel is unnecessary because the argument is without merit. Accordingly, Plaintiff's renewed motion will be denied.

Petitioner's Motion for Telephonic Hearing (Dkt. 58) will be denied, as the Court has determined that oral argument is unnecessary to determining the issues at hand.

Respondent's Motion for Extension of Time to File a Response re: *Martinez v. Ryan* (Dkt. 53) will be granted. The Response filed on December 4, 2012 will be considered timely filed. (Dkt. 56.)

## MARTINEZ V. RYAN BRIEFING

**1.      Background**

In 2004, after a jury trial in state court, Petitioner was convicted of two counts of trafficking a controlled substance (methamphetamine), one count of delivery of a controlled substance (methamphetamine), and three counts of failure to obtain a tax stamp. (State's Lodging A-1, pp. 103-07.) Petitioner's sentences for all six counts were ordered to be served concurrently, resulting in a term of 5 to 25 years in prison. (State's Lodging A-1, pp. 117-26.) On direct appeal, Petitioner's appellate counsel raised a single claim challenging Petitioner's sentences. The Idaho Court of Appeals affirmed the sentences. (State's Lodging B-1.) The Idaho Supreme Court denied Petitioner's petition

**MEMORANDUM DECISION AND ORDER - 3**

for review. (State's Lodging B-7.)

Petitioner next filed an application for post-conviction relief in state district court, raising a number of claims, including claims of ineffective assistance of trial counsel. (State's Lodging C-1, pp. 29.) The district court dismissed the application, but Petitioner apparently did not receive notice of the court's order for several months, and his appeal was later dismissed as untimely. (State's Lodging E-1, pp. 18-19.) However, an agreement was reached by the parties that resulted in the state district court re-filing the order dismissing the application so that Petitioner could submit a timely notice of appeal from the order. (State's Lodging E-1, p. 12-15.) On appeal, the Idaho Court of Appeals affirmed the lower court's decision, and Petitioner's petition for review was denied by the Idaho Supreme Court. (State's Lodgings F-8, F-9.)

All of Petitioner's claims have been dismissed except Claim 1, that Petitioner's counsel on direct appeal was ineffective for failing to assert certain issues in that proceeding. Petitioner raised claims of ineffective assistance of *trial* and *sentencing* counsel in the state court post-conviction action, but he did not assert that his counsel was ineffective during the *direct appeal*, which is the claim that he has chosen to raise here (Claim 1). As a result, the claim is procedurally defaulted. The Court asked the parties to address in their briefing whether *Martinez* is limited to excusing the default of ineffective assistance of trial counsel claims or whether its reasoning also applies to defaulted claims of ineffective assistance of counsel on the direct appeal.

**MEMORANDUM DECISION AND ORDER - 4**

**2.      Standard of Law**

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

The holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), established a "limited qualification" to the *Coleman* rule. *Id*. at 1319. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 1318.

The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 1318.

In *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Supreme Court determined that, where "a State's procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to

**MEMORANDUM DECISION AND ORDER - 5**

raise an ineffective-assistance-of-trial-counsel claim on direct appeal," the exception recognized in *Martinez* applies, meaning that a petitioner may assert that his post-conviction counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim in that proceeding, because it was the first meaningful opportunity to raise such a claim. 133 S.Ct. at 1921. In Idaho, the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," although in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record"( as opposed to matters arising outside the record). *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992). Thus, in Idaho, *Martinez* can be applied to ineffective assistance of trial counsel claims arising from Idaho state court convictions and sentences, where the post-conviction setting was the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside the record could have been brought and developed in an evidentiary hearing. *See Matthews*, 839 P.2d at 1120.

The *Martinez* Court explained that its holding was based on "equitable" rather than "constitutional" grounds, and emphasized that it was not to be applied generally to procedural default circumstances:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even

**MEMORANDUM DECISION AND ORDER - 6**

though that initial-review collateral proceeding may be deficient for other reasons.

132 S.Ct. at 1320 (citations omitted).[2]

The Ninth Circuit has summarized the *Martinez* test as follows: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*,[3] whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (footnote added). Under *Strickland*, a petitioner must show that his post-conviction counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland*, 466 U.S. at 684. In *Sexton*, the court reiterated: "Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." 679 F.3d at 1157 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009)).

Under *Strickland*, there is a strong presumption that an attorney performed within the wide range of professional competence, and the attorney's performance will be deemed deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms. *Strickland*, 466 U.S. at 689, 694. To prove

---

[2] The *Martinez* Court also reiterated that § 2254(i) specifically provides that "incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in proceedings arising under section 2254," *id*. at 1320.

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

**MEMORANDUM DECISION AND ORDER - 7**

prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different. *Id*. at 694. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id*. at 689. As a result, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011) (internal quotations and citation omitted).

The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter.

This standard is a high one. Stated another way, to overcome procedural default under *Martinez*, the petitioner must show that "[post-conviction relief] counsel's failure to raise the claim that trial counsel was ineffective was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and caused [the petitioner] prejudice." *Sexton*, 679 F.3d at 1157 (citing *Strickland*, 466 U.S. at 687).

**MEMORANDUM DECISION AND ORDER - 8**

3.   Discussion

After *Martinez* was issued, neither the United States Supreme Court nor the United States Court of Appeals for the Ninth Circuit has extended *Martinez* to ineffective assistance of direct appeal counsel claims. The Court did not find, in its independent research, any instances of federal district courts applying *Martinez* to claims of ineffective assistance of direct appeal counsel. In *Martinez*, the Supreme Court emphasized the "limited" nature of the exception, and that the new exception "reflects the importance of the right to the effective assistance of *trial* counsel." 132 S.Ct. at 1320 (emphasis added).

Respondent also persuasively argues that, in *Evitts v. Lucey*, 469 U.S. 387 (1985), the Supreme Court noted that there is no constitutional right to appeal a state criminal conviction for alleged trial errors, but if the State makes an appeal available, it must comport with due process and equal protection. *Id*. at 393 (internal citation omitted). This general principle supports the distinction made in *Martinez* between trial counsel claims and direct appeal claims.

That *Trevino v. Thaler*, *supra,* widened the scope of the exception in a different manner–to include counsel who fail to raise ineffective assistance of trial counsel claims either on direct appeal or on post-conviction review if that is the first forum in which the claim can be heard in a meaningful manner–does not support an argument that the scope of the *underlying* claims within the exception also has been broadened. In *Trevino*, there was no hint that the exception should be broadened to include any claims other than

**MEMORANDUM DECISION AND ORDER - 9**

ineffective assistance of trial counsel.

For all of the foregoing reasons, the Court concludes that *Martinez* does not apply to excuse the procedural default of Petitioner's ineffective assistance of direct appeal counsel claims. Accordingly, the Court will grant Respondent's Motion for Summary Dismissal in full, and dismiss this case with prejudice.

## ORDER

**IT IS ORDERED**:

1. Respondent's Motion for Summary Dismissal (Dkt. 36) is GRANTED.

2. The Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED with prejudice.

3. Petitioner's Motion for Appointment of Counsel (Dkt. 51) is DENIED.

4. Respondent's Motion for Extension of Time (Dkt. 53) is GRANTED. The Response at Docket No. 56 is considered timely filed.

5. Petitioner's Motion for a Telephonic Hearing (Dkt. 58) is DENIED.

6. Petitioner's Motion Allowing Petitioner to Proceed Under *Martinez v. Ryan* (Dk. 52) is DENIED.

7. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of

**MEMORANDUM DECISION AND ORDER - 10**

Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.



DATED: August 7, 2013

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 11**